Blaise Plummer Emporia City Attorney 522 Mechanic Street P.O. Box 928 Emporia, Kansas 66801
Dear Mr. Plummer:
As attorney for the City of Emporia you request our opinion on whether a municipal court clerk, as custodian of records, is authorized to disclose records of expungement of arrest or convictions to a criminal justice agency of the state for the purpose of a preemployment screening of the person whose records were expunged. You ask us to assume that the court's order of expungement does not address this disclosure issue, and that it is the information itself and not the records that is directly at issue. You note that the question arises due to telephone requests from a law enforcement agency asking for this information when the law enforcement agency is considering hiring the person in question. You inform us that these requests have so far been denied by many municipal court clerks because they are unaware of any statutory authority to disclose such information.
A municipal court is authorized to hear and determine cases involving violations of city ordinances. If there is probable cause to believe that a municipal ordinance has been violated, a municipal court may issue complaints or arrest warrants.[1] A municipal court may also approve diversion agreements,[2] and may impose appropriate sentences.[3]
Sentences may include fines and imprisonment.[4] It is the underlying information and resulting records generated by such arrest warrants, complaints, diversions agreements, convictions and sentences that is the subject of this opinion. Even though other agencies may possess the same information,[5] we understand that all of the information in question is in the possession of and has been requested from municipal court clerks.
Under K.S.A. 12-4516a(a), any person who has been arrested on a violation of a city ordinance of this state may petition the court for the expungement of such arrest record.[6] At the hearing on a petition for expungement of the arrest record, the court shall order the arrest record and subsequent court proceedings, if any, expunged upon finding: (1) The arrest occurred because of mistaken identity; (2) a court has found that there was no probable cause for the arrest; (3) the petitioner was found not guilty in court proceedings; or (4) the expungement would be in the best interests of justice and (A) charges have been dismissed; or (B) no charges have been or are likely to be filed. Pursuant to K.S.A. 12-4516a(d), when the court has ordered expungement of an arrest record and subsequent court proceedings, if any, the order shall state the information required to be stated in the petition and shall state the grounds. The clerk of the court shall send a certified copy of the order to the Federal Bureau of Investigation, the Kansas Bureau of Investigation, the Secretary of Corrections and any other criminal justice agency which may have a record of the arrest. If an order of expungement is entered, the petitioner shall generally be treated as not having been arrested.
Municipal court convictions may also be expunged, pursuant to K.S.A.12-4516, if it has been three, or for certain crimes five, years since the sentence imposed was satisfied and all conditions of parole or sentencing have been met.
Even in the absence of an expungement, while conviction records are often open,[7] most criminal history information is not open to the general public.[8] We will assume for purposes of this opinion that the expungement was obtained pursuant to K.S.A. 12-4516 and/or K.S.A. 12-4516a. Thus, it is that information upon which we will next focus. The issue is whether a municipal court clerk is authorized to release expunged municipal court arrest or conviction information or records to a law enforcement agency to which the person who was arrested or convicted has applied for employment. K.S.A. 12-4516(e) and (h) provide guidance on when and to whom expunged municipal court information may be provided. Neither of these subsections list criminal justice or law enforcement agencies generally.
Read alone, K.S.A. 12-4516 and 12-4516a would appear to preclude providing copies of expunged municipal court records or revealing information contained therein to law enforcement agencies, even for employment screening purposes. However, K.S.A. 2001 Supp. 21-3110a
states: "For purposes of this act, `expungement' means the sealing of records such that they are unavailable except to the petitioner andcriminal justice agencies as provided by K.S.A. 22-4701, et seq. and amendments thereto and except as provided in this act."[9] We believe that this statute not only allows the defined law enforcement agencies to obtain expunged information if they are considering hiring the person who is the subject of those records, but also allows even broader access in situations not involving pre-employment screening. This interpretation of the language in K.S.A. 2001 Supp. 21-3110a is supported by legislative history surrounding its enactment.
K.S.A. 2001 Supp. 21-3110a defines "expungement" and was enacted in 1998 pursuant to 1998 Senate Bill No. 482 (L. 1998, Ch. 131, § 4). This bill also made amendments to K.S.A. 12-4516 and 12-4516a. The prior versions of those statutes specifically allowed law enforcement agencies access to the expunged information. The 1998 amendments to these statutes changed the access status granted to law enforcement agencies. For this reason, the Kansas Peace Officers' Association initially opposed 1998 Senate Bill No. 482. However, that opposition was withdrawn after the provisions of what is now K.S.A. 2001 Supp. 21-3110a were included in the bill to specifically address the concerns of law enforcement. At the time 1998 Senate Bill No. 482 was being debated, it became clear that this amendment (including what is now K.S.A. 2001 Supp. 21-3110a) was specifically intended to grant criminal justice agencies broad access to the information contained in expunged court records.
K.S.A. 22-4701 et seq. limit to whom criminal history records or information may be provided. K.S.A. 22-4704 makes it a class A nonperson misdemeanor to release information in violation of this act, and you are concerned that municipal court clerks therefore proceed in accordance with that act. As you note in your letter requesting our opinion, K.S.A. 2001 Supp. 22-4701 contains definitions of "criminal history record information" and "criminal justice agency." "Reportable event" is defined in K.S.A. 22-4705. K.A.R. 10-12-2 allows dissemination of expungement information to certain entities. You are concerned that K.A.R. 10-9-1(c) defines non-conviction in a way that does not include expungement information as part of the non-conviction criminal history record. We do not share this concern because of the language and the legislative history surrounding K.S.A. 2001 Supp. 21-3110a. Under that definitional statute, the conviction and other criminal history record is not deemed expunged for purposes of access by a criminal justice agency. Thus, when a request for that type of information is made by a criminal justice agency, it is as if it were never expunged. K.S.A. 22-4707(a) provides that "a criminal justice agency many not request [criminal history] information from . . . another criminal justice agency unless it has a legitimate need for the information." A municipal court is a "criminal justice agency" under K.S.A. 22-4701(c)(3). Thus, as long as the request for expunged information is made by a "criminal justice agency" with a "legitimate need" (such as employment screening) a clerk may provide the requested information.
Pursuant to K.S.A. 2001 Supp. 21-3110a, it is our opinion that information contained in expunged municipal court records may be legally provided by a municipal court clerk to any entity that meets the definition of "a criminal justice agency" as set forth in K.S.A. 2001 Supp. 22-4701. If the definition of criminal justice agency applies to the requestor, the purpose to which that agency intends to put the information is not otherwise relevant for purposes of the clerk's release of it.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
CJS:JLM:TMN:jm
[1] K.S.A. 12-4201 et seq.
[2] K.S.A. 12-4412 et seq. Copies of such diversion agreements shall be forwarded to the Kansas Bureau of Investigation.
[3] K.S.A. 12-4509.
[4] K.S.A. 12-4106(b).
[5] See, e.g., K.S.A. 12-4106(e).
[6] District court records may be expunged pursuant to K.S.A. 2001 Supp. 21-4619. Until expunged, criminal history records may be provided to prospective employers under certain circumstances, pursuant to K.S.A. 2001 Supp. 22-2410.
[7] But see K.S.A. 38-1607 and 38-1608 (juvenile law enforcement records and municipal court records are closed if the juvenile is under the age of 14); 8-1560d (convictions for speeding are closed if not more than 10 mph over in 70 mph zone or 5 mph in 55 to 65 zones); 21-3827 (unexecuted search or arrest warrants are closed); 21-4605(b) (presentence reports are closed).
[8] K.S.A. 22-4707. See also Stephens v. Van Arsdale, 227 Kan. 676
(1980) (district court criminal records were not "records of such arrest" as term was used in statute making confidential arrest records of persons who are acquitted, and the statute restricting access to criminal records after a conviction has been expunged was not unconstitutional as a violation of First or Fourteenth Amendments to United States Constitution or Kansas Bill of Rights).
[9] Emphasis added.